No. 2,094.

J. A. HAYWARD & CO., RESPONDENTS, *v.* ABEL STEARNS, APPELLANT.

PARTIES TO A FORECLOSURE SUIT.—In an action for the foreclosure of a mort-
gage, if the creditor, the debtor and the title to the mortgaged premises are
before the Court, it has jurisdiction of the case, though there may be other
holders of distinct liens who might have been made parties to the suit, and were
omitted.

ASSIGNEE OF PROMISSORY NOTE OVERDUE.—The assignee of a promissory note,
overdue, takes it subject to all the equities subsisting between the maker and
payee, but free from all equities subsisting between the maker and any interme-
diate holder.

APPEAL from the District Court of the Seventeenth Dis-
trict County of Los Angeles.

The case is stated in the opinion.

*Volney E. Howard,* for Appellant.

For the appellant, it was urged : The answer sets up that
at the time of the transfer of the note and mortgage by Tur-
ner to Sichell, the same was due, and pleads, by way of set-
off, that Turner was indebted to.him in gold coin more than
the amount of the note and mortgage. This plea was stricken
out as frivolous, and presenting no defense. The ruling was
excepted to, and is assigned for error. There can be no
doubt that if Turner had brought suit against Stearns, the
plea would have been a good set-off. The forty-eighth sec-
tion of the California Code declares that : '' When cross-
demands have existed between persons under such circum-
stances that if one had brought an action against the other,
a counter claim could have 'been set up, neither shall be de-
prived of the benefit thereof, by the assignment or death of
the other, but the two demands shall be deemed compen-
sated so far as they equal each other. (See Prac. Act, 176,
47, Sec. 4; *McCabe* v. *Grey,* 20 Cal. 515.)

As the note was due when transferred by Turner, all the
subsequent indorsees took it subject to all the equities be-
tween the maker and Turner. (*Sargent* v. *Southgate,* 5 Pick.
311.)

He takes it subject to any right of set-off which the

maker had against any prior holder." (2 Parsons on Notes and Bills, 604.)

If it be true, that in a suit by Turner against Stearns, the latter could have set off his demand, then our statute is express that, as to an overdue note, the right shall not be impaired by assignment. (Prac. Act, Sec. 68; *Stewart* v. *Anderson,* 6 Cranch, 204; *Triplett* v. *Bradley,* 6 Monro, 355.)

Our statute adopts the civil law rule of compensation, by which one debt extinguishes the other. (Barb. on Set-off, p. 18; *Wood* v. *Boyers,* 2 Rob. La. Reps. 130; *Stewart* v. *Harper,* 16 La. Ann. Reps. 181.)

When the plaintiffs received the note overdue, it was their duty to have inquired whether there was any defense. The law casts notice upon them of all existing equities and preserves them to defendant. That the note was overdue, when assigned to Turner and plaintiffs, appears both from complaint and answer.

*Kewen & Howard,* for Respondents.

*W. W. Cope,* of Counsel.

WALLACE, J., delivered the opinion of the Court:

The respondents brought this action against the appellant to obtain a decree of foreclosure of a mortgage and a personal judgment for such portion of the debt as should remain unsatisfied after a sale of the mortgaged premises, and a decree was entered accordingly.

It appears that on July 28th, 1864, the appellant delivered to Griffin his negotiable promissory note, to become due one year thereafter, and, at the same time, executed to Griffin a mortgage upon certain real estate, to secure the payment of the note.

A few days subsequently, the appellant delivered to Griffin another instrument in writing, in which he agreed with Griffin and *George Lehman* "that as, in the description of the mortgaged property and land mortgaged to them on the 28th day of July, 1864," certain errors had occurred, etc., and the instrument proceeded to substitute a farther and better

description of the premises intended to be included in the mortgage.

George Lehman was mentioned in this instrument, because he was the holder of a distinct mortgage, made by appellant, and intended to embrace the same premises, but in which the same mistaken description had been inserted. Whether the lien of the Lehman mortgage was prior or subsequent to that made to Griffin does not appear.

Before the note fell due, it was assigned by Griffin to Wolf-skill, in whose hands it became overdue. It subsequently passed successively to the hands of Turner and Sichell, and lastly to the respondents, who received it long overdue.

Lehman was not made a party to the suit, and it is insisted that the complaint is insufficient for that reason.

We do not think that the fact of his absence as a party, makes the proceedings in the foreclosure erroneous.

The creditors, the debtor and the title to the mortgaged premises were before the Court below, and were bound by the decree, and if other holders of distinct liens, who might have been made parties, are omitted, the foreclosure, while it may be incomplete as to them, is nevertheless sufficient in other respects.

The appellant filed an answer to the complaint, in which he set up, that while the note remained overdue in the hands of Turner, the latter was, and still is indebted to him in a sum of money greater than the amount of the note sued upon, and he pleaded that indebtedness as a set-off against the note in the hands of respondents.

The Court below held the answer insufficient in that respect, and rendered judgment for the respondents.

It is claimed upon the part of the appellants, that as the respondents received the note overdue, they took it subject to all the equities subsisting between the maker and any intermediate holder, and that, therefore, the indebtedness of Turner to the appellant, existing while the former held the note in his hands overdue, is a defense to this action.

The precise question made here came before this Court upwards of fifteen years since, in the case of *Vinton* v. *Crowe* (4 Cal. 309), and it was there held that while a note received

overdue is subject to all subsisting equities between the *maker* and the *payee*, there was no countenance or authority whatever for subjecting it to equities only subsisting between the maker and an intermediate holder, and such a rule, it was declared, would be both dangerous and absurd.

So far as we are aware, this decision has never been called in question, and has given the rule by which dealers in commercial paper have been since governed in this State. Under such circumstances, we do not feel at liberty to disturb that rule at this late day.

The judgment is, therefore, affirmed.